NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUKHDEV SINGH PANDHER, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   16-72800 <br><br> Agency No. A079-806-294 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Sukhdev Singh Pandher, a native and citizen of India, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his reopened application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including its credibility findings, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we review de novo claims of due process violations, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's pre-REAL ID Act adverse credibility determination based on inconsistencies between Pandher's testimony and his wife's affidavits as to his son's whereabouts, *see Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) ("[s]o long as one of the identified grounds is supported by substantial evidence and goes to the heart of [an applicant's] claim of persecution, we are bound to accept the IJ's adverse credibility finding" (citation omitted)), and implausibilities in Pandher's testimony as to when and how he learned of his son's detention and beating, *see Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (adverse credibility determination, based in part on implausibility finding, supported by substantial evidence). In the absence of credible testimony, in this case, Pandher's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Pandher's CAT claim also fails because it is based on the same evidence the

16-72800

agency found not credible, and the record does not otherwise compel a finding that it is more likely than not Pandher would be tortured if returned to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

Finally, we reject Pandher's contentions that the IJ violated his due process rights by failing to consider affidavits. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). We also reject Pandher's contention that the IJ failed to consider other record evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**